## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marlene M. Frantz,                          :
                          Petitioner        :
                                            :
          v.                                :
                                            :
Unemployment Compensation                   :
Board of Review,                            :     No. 1474 C.D. 2019
                          Respondent        :     Argued:  June 8, 2020


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                      FILED:  July 7, 2020


          Marlene M. Frantz (Claimant) petitions for review of the October 4, 2019 order of the Unemployment Compensation Board of Review, which affirmed a referee's decision finding that Claimant had voluntarily quit her employment without a necessitous or compelling cause and was, therefore, ineligible for unemployment compensation benefits (benefits) under Section 402(b) of the Unemployment Compensation Law (Law).[1]  Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).  Section 402(b) provides that an employee shall be ineligible for compensation for any week in which his/her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

The underlying facts of this case are not in dispute. Claimant was in a longstanding relationship with Charles S. Nemeth (Nemeth), the owner of King Kone and the Jungle Kafe (King Kone), an ice cream business. Finding of Fact (F.F.) 2; Certified Record (C.R.) at 105.[2] Claimant worked for a third party (Employer) as a full-time assistant manager of King Kone from January 1, 2015, through June 28, 2019. F.F. 1; C.R. at 105. In late 2014, Nemeth entered into a purchase agreement to sell the business to Employer, but the agreement required Employer to keep Claimant and Nemeth employed until the sale was finalized. F.F. 3; C.R. at 105.

More specifically, the purchase agreement, dated December 15, 2014, required Employer to make annual payments for a period of five years, with a final payment due and owing on August 1, 2020, during which time Claimant would remain employed. C.R. at 90. The purchase agreement further provided Claimant and Nemeth with the option of extending their employment for three years past the August 1, 2020 date. *Id.* Claimant was fully aware of the terms of the purchase agreement. F.F. 4; C.R. at 105. Following negotiations with Employer with respect to increased wages and vacation time in late 2018/early 2019, Employer agreed to promptly pay the remaining balance due under the purchase agreement. F.F. 5; C.R. at 106. As a condition of this accelerated payment, however, Claimant and Nemeth agreed to a cessation of their employment upon the final payoff which was scheduled for June 28, 2019, and was later extended to July 3, 2019.[3] F.F. 6; C.R. at 106. In

[2] The certified record does not include page numbers. The citations to the certified record contained herein will refer to the page of the certified record in PDF format as submitted to this Court.

[3] The record reveals that Claimant and Nemeth executed an amendment to the original purchase agreement on December 31, 2018, which included a waiver of their option to extend their

2

anticipation of the closing of the sale of the business, Claimant and Nemeth informed Employer that June 28, 2019, would be the last day of their employment. F.F. 7; C.R. at 106. Thus, "[C]laimant voluntarily left her job as a condition of the sale[] of the business." F.F. 8; C.R. at 106.

On July 3, 2019, Claimant initiated a claim for benefits via the internet. C.R. at 9-12. By notice of determination mailed July 24, 2019, the Department of Labor & Industry (Department) denied benefits to Claimant, concluding that she was ineligible under Section 402(b) of the Law, because she had voluntarily quit her employment without a necessitous or compelling reason. C.R. at 34-36. Claimant appealed to a referee, who scheduled and held a hearing on August 15, 2019, at which Claimant, Nemeth, and Employer testified. *Id.* at 38-41, 48, 59, 64-89. The referee affirmed the Department's determination. Referee's Decision & Order at 2, C.R. at 107. Claimant appealed to the Board, which affirmed the referee's decision. Board's Order at 2, C.R. at 122.

The Board adopted the referee's findings in their entirety, except that the Board amended the referee's Finding of Fact 8 to read that "[C]laimant voluntarily quit due to personal reasons." Board's Order at 1, C.R. at 121. The Board resolved all conflicts in testimony in favor of Employer. *Id.* The Board noted that Nemeth called Employer on June 27, 2019, to inform Employer that the next day would be Nemeth's and Claimant's last day of work, which constituted a voluntary quit. *Id.* The Board also noted that Employer credibly testified that Claimant and Nemeth celebrated their last day with "flowers, balloons, friends visiting, and photographs." *Id.*

---

employment for a period of three years after August 1, 2020, the original closing date for the sale of King Kone. *See* C.R. at 100-01. The record also reveals that Claimant and Nemeth executed affidavits on June 22, 2019, whereby they agreed that their employment would cease entirely upon Employer's final payoff. *See* C.R. at 96-97.

The Board indicated that "[t]he totality of the circumstances demonstrates a conscious intention to quit." *Id.* Finally, the Board stated that any issues with respect to Claimant's continued employment under the purchase agreement, and her argument that she could not have quit her employment on June 28, 2019, in light of the same, were "contractual legal issues" not relevant to the Board's consideration of whether Claimant had voluntarily quit her employment. *Id.*

Before this Court,[4] Claimant argues as follows:

The question posed to the court for consideration is whether a prior owner [Nemeth] when transferring the business (identified as King Kone) pursuant to a fully executed Business Purchase Agreement which contains a guarantee of continued employment (IA) for [Claimant] until the business is in fact transferred, can in any way deny benefits to [Claimant] based on some form of alleged voluntary/conscious dismissal of [e]mployment, when it is impossible to be unemployed under the Agreement until transfer of the Business pursuant to Section IA of the Business Purchase Agreement is perfected (via full payment of existing purchase from [Employer to Nemeth]?

Claimant's Brief at 3. In other words, Claimant appears to argue that she cannot be deemed to have voluntarily quit her employment when her continued employment is required in accordance with the terms of the purchase agreement, and, consistent with the subsequent amendment to this agreement and affidavit, her employment could only cease after the final payoff by Employer. We disagree.

This Court addressed an identical issue in the companion case of *Nemeth v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1473 C.D. 2019, filed July 7, 2020), and the reasoning in that case applies equally herein.

---

[4] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed or whether constitutional rights were violated. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

4

The fact that the purchase agreement required Claimant's continued employment until the final payoff was made has no bearing on the determination of whether her actions constituted a voluntary quit such that she is precluded from receiving benefits. Claimant, similar to Nemeth in the companion case, voluntarily chose to forgo her continued employment with Employer in consideration of Nemeth receiving an accelerated payoff to complete the purchase agreement. Claimant executed an affidavit on June 22, 2019, while still employed, whereby Claimant agreed that her employment with King Kone would terminate upon final payoff under the purchase agreement, effectively renouncing any right she had to continued employment. Further, Claimant simply ceased working after June 28, 2019, without cause of a necessitous and compelling nature. Like Nemeth, Claimant's actions in this regard render her ineligible for benefits under Section 402(b) of the Law. *See Monaco v. Unemployment Comp. Bd. of Review*, 565 A.2d 127 (Pa. 1989); *Greenray Indus. v. Unemployment Comp. Bd. of Review*, 135 A.3d 1140 (Pa. Cmwlth. 2016); *Wise v. Unemployment Comp. Bd. of Review*, 111 A.3d 1256 (Pa. Cmwlth. 2015); *Middletown Twp. v. Unemployment Comp. Bd. of Review*, 40 A.3d 217 (Pa. Cmwlth. 2012).

Accordingly, the order of the Board is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marlene M. Frantz,                       :
               Petitioner    :
                       :
        v.                  :
                       :
Unemployment Compensation   :
Board of Review,             :   No. 1474 C.D. 2019
             Respondent   :

## O R D E R

AND NOW, this 7th day of July, 2020, the October 4, 2019 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge